UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TZIPORAH BRAUN, individually and on behalf of all others similarly situated;<br>Plaintiff,<br>-v.-<br>TRANSWORLD SYSTEMS INC.;<br>LVNV FUNDING LLC;<br>Defendant(s). | Case No.: 7:25-cv-5673<br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tziporah Braun (hereinafter referred to as "Plaintiff") a New York resident, brings this Class Action Complaint by and through her attorneys, Stein Saks PLLC, against Defendant Transworld Systems Inc. (hereinafter referred to as "Defendant" or "TSI") and Defendant LVNV Funding LLC (hereinafter referred to as "LVNV" or collectively along with TSI as "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* §§ l692(b) and1692k.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331, as well as 15 U.S.C. § 1692 et seq.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred in the Southern District of New York, Plaintiff resides in the Southern District of New York, and Defendants transacts business in the Southern District of New York.

**NATURE OF THE ACTION**

5. Plaintiff brings this action under § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

**PARTIES**

7. Plaintiff is a resident of the State of New York in the County of Rockland.

8. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1692(a)(3) and as defined under 12 CFR § 1006.2(e).

9. Defendant TSI is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), as well as defined in 12 CFR § 1006.2(i)(1), and can be served with process at c/o Corporation Service Company, 80 State Street, Albany, NY 12207.

10. Defendant LVNV is a "creditor" as the phrase is defined in 15 U.S.C. 1692a(4) and as defined in 12 CFR 1006.2(i)(1), and can be served with legal process at c/o Corporation Service Company, 80 State Street, Albany, NY 12207.

11. Upon information and belief, Defendants use the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

1. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

2. The Class consists of:

a. all individuals with addresses in the State of New York;

b. to whom Defendant TSI sent initial collection letters;

c. attempting to collect a consumer debt;

d. on behalf of debt buyer LVNV;

e. in which multiple collection letters were sent on the same date;

f. with at least one of the collection letters missing the required language pursuant to § 1692 g

g. which letters were sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

3. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

4. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

5. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A and Exhibit B, violate 15 U.S.C. §§ l692e, 1692f, and 1692g.

6. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

7. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believe, and on that basis allege, that the Plaintiff Class defined above are so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A and Exhibit B, violate 15 U.S.C. §§ l692e, 1692f, and 1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

8. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

9. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

10. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

11. Some time prior to July 19, 2024, an obligation was allegedly incurred to non-party Credit One Bank.

12. The Credit One Bank obligation arose out of transaction which were primarily for personal, family or household purposes, specifically personal credit.

13. The alleged Credit One Bank obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. Thus Credit One Bank is a "creditor" as defined by 15 U.S.C. § 1692a(4).

15. The Plaintiff disputes this debt as being a valid debt.

16. The alleged debt once in default, was thereafter acquired by Defendant LVNV Funding LLC, thereby making Defendant LVNV a debt collector.

17. Thereafter, Defendant LVNV contracted with Defendant TSI to collect the alleged debt.

18. Upon information and belief, Defendant TSI uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant TSI is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

*Violation – July 19, 2024 Collection Letters*

19. On or about July 19, 2024, TSI sent the Plaintiff a collection letter regarding the alleged debt owed to LVNV. *See* Letter 1 attached hereto as Exhibit A.

20. The letter states in relevant part as follows:

**Our information shows:**

You have a/an Credit One Bank, N.A. account with account number *************3917, now owed to LVNV Funding LLC.

| | | |
|---|---|---|
| As of April 12, 2022 you owed: | | $928.77 |
| Between April 12, 2022 and today: | | |
| You were charged this amount in interests: | + | $0.00 |
| You were charged this amount in fees: | + | $0.00 |
| You paid or were credited this amount toward the debt: | - | $0.00 |
| **Total amount of the debt now:** | | $928.77 |

21. On or about July 19, 2024, TSI sent the Plaintiff a second letter in a separate envelope regarding the alleged debt owed to LVNV. See Letter 2 attached hereto as Exhibit B.

22. Letter 2 states in relevant part as follows:

Transworld Systems Inc. is a debt collector. We are trying to collect a debt that you owe to LVNV Funding LLC. The original creditor was Credit One Bank, N.A. We will use any information you give us to help collect the debt.

23. This letter uses a different itemization date of Date of Default 10/11/2021.

24. The Letter 2 is missing the required dispute language pursuant to 1692g(3), (4), and (5).

25. Firstly, it is highly disconcerting for Plaintiff to receive multiple letters on the same day for what appears to be the same debt.

26. Receiving multiple letters on the same date for the same debt confused and misled the Plaintiff into believing these were in fact different debts.

27. Additionally, the Letter 2 was also the first letter received by the Plaintiff, but it is missing the required language from the dispute notice, therefore it is in direct violation of 1692g and gave the Plaintiff cause for concern and reasonable doubt as to the veracity and validity of the alleged debt.

28. Moreover, the Plaintiff receiving multiple collection letters from Defendants on the same date for the same debt, was unfair and harassing in nature.

29. Furthermore, given the lack of the disclosures in the second letter, led the Plaintiff to be confused to her dispute rights and if the first letter was true or the second letter was the controlling notice.

30. Congress has a right to pass laws to protect the rights of consumers.

31. Congress passed the FDCPA with these types of deceptive tactics in mind.

32. Plaintiff suffered a concrete harm by receiving multiple collection letters for the same debt on the same date, and receiving a collection letter that was missing required language pursuant to 1692g.

33. These violations by Defendants were unconscionable, knowing, willful, negligent, and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

34. Defendants' actions caused Plaintiff to expend time, in reliance on the improper content of the letter and lack of consistent sensible information, to ascertain what her options and possible responses could or should be.

35. Defendants' letters further caused distress, embarrassment, humiliation, disruption, and other damages and consequences.

36. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

37. Defendant's deceptive, misleading and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately or informatively respond to Defendant's demand for payment of this debt.

38. Plaintiff was confused and misled to her detriment by the statements and/or omissions in the dunning letters, and relied on the contents of the letters to her detriment.

39. Defendant's improper acts, and Plaintiff's reliance thereon, also caused Plaintiff emotional harm in the form of severe anxiety and emotional distress.

40. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

41. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

43. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44. Defendants violated §1692e:

a. By sending multiple collection letters on the same date to Plaintiff;

b. By falsely representing the character, amount and/or legal status of the debt in violation of § 1692e(2)(A); and

c. By making a false and deceptive representation in violation of §1692e(10).

45. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***

46. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

47. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

48. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

49. Defendants violated § 1692f:

a. by sending multiple letters on the same date for the same debt to Plaintiff's residence; and

b. by sending a letter that omitted required language pursuant to § 1692g.

50. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**<u>COUNT III</u>**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g *et seq.***

51. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

52. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

53. Pursuant to 15 U.S.C. § 1692g, when a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice which must include the following information:

(1) The amount of the debt;

(2) The name of the creditor to whom the debt is owed;

(3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

This is known as the "G Notice."

54. Defendants violated this section by failing to include any of the required dispute language pursuant to § 1692g(3),(4), and (5).

55. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

56. Pursuant to Rule 38 of the Federal Rules of Civil Procedures, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tziporah Braun, individually and on behalf of all others similarly situated, demands judgment from Defendant Transworld Systems Inc. and Defendant LVNV Funding LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Rami Salim, Esq. as Class Counsel;
2. Awarding Plaintiff and the Class statutory damages;
3. Awarding Plaintiff and the Class actual damages;
4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;
5. Awarding pre-judgment interest and post-judgment interest; and
6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: July 9, 2025

Respectfully Submitted,

**STEIN SAKS, PLLC**
/s/ Rami Salim_______
Rami Salim, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Ph: 201-282-6500
Fax: 201-282-6501
rsalim@steinsakslegal.com
*Counsel for Plaintiff*