UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TZIPORAH BRAUN, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

TRANSWORLD SYSTEMS INC.; LVNV FUNDING LLC,

Defendants.

**OPINION AND ORDER**

25-CV-05673 (PMH)

PHILIP M. HALPERN, United States District Judge:

Tziporah Braun ("Plaintiff") brings this putative class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, against Transworld Systems Inc. ("TSI") and LVNV Funding LLC ("LVNV" and together, "Defendants"), for sending her two collection letters regarding the same debt. (Doc. 1, "Compl.").

Pending before the Court is Defendants' motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 18; Doc. 18-1). Plaintiff opposed Defendants' motion (Doc. 18-2), and the motion was fully submitted with the filing of Defendants' reply (Doc. 18-3).

For the reasons set forth below, Defendants' motion to dismiss is GRANTED pursuant to Rule 12(b)(1). Because the Court "lacks the power to adjudicate the merits of the case," it will not address Defendants' motion pursuant to Rule 12(b)(6). *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54-55 (2d Cir. 2016).

## BACKGROUND

TSI is a debt collector and LVNV is a creditor. (Compl. ¶¶ 9, 10). Some time prior to July 19, 2024, Plaintiff incurred an obligation to non-party Credit One Bank. (*Id.* ¶ 11). The alleged

debt, the validity of which Plaintiff disputes, once in default was thereafter acquired by LVNV. (*Id.* ¶ 16). LVNV contracted with TSI to collect the alleged debt. (*Id.* ¶ 17). On or about July 19, 2024, Plaintiff received two collection letters regarding the debt, which are annexed to the Complaint as Exhibits A and B. (*Id.* ¶¶ 19, 21; Doc. 1-1, Doc. 1-2). Each letter uses a different itemization date for the date of default, but they were sent on the same day. (*Id.* ¶¶ 20, 23). The second letter is missing the required dispute language pursuant to 15 U.S.C. § 1692g(3), (4), and (5). (*Id.* ¶ 24). Plaintiff alleges that Defendants' communications caused her to be confused and misled (*id.* ¶¶ 26, 38); caused her to expend time to ascertain her options regarding response (*id.* ¶ 34); caused her distress, embarrassment, humiliation, disruption, and "other damages and consequences" (*id.* ¶ 35); and caused her to suffer emotional harm in the form of severe anxiety and emotional distress (*id.* ¶ 39).

This litigation followed.

**STANDARD OF REVIEW**

"Federal courts are courts of limited jurisdiction, and Rule 12(b)(1) requires dismissal of an action 'when the district court lacks the statutory or constitutional power to adjudicate it.'" *Schwartz v. Hitrons Sols., Inc.*, 397 F. Supp. 3d 357, 364 (S.D.N.Y. 2019) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).[1] "The party invoking the Court's jurisdiction bears the burden of establishing jurisdiction exists." *Hettler v. Entergy Enters., Inc.*, 15 F. Supp. 3d 447, 450 (S.D.N.Y. 2014) (citing *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009)). When deciding a Rule 12(b)(1) motion, "the Court 'must accept as true all material facts alleged in the

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

complaint and draw all reasonable inferences in the plaintiff's favor.'" *Id.* (quoting *Conyers*, 558 F.3d at 143); *see also Doe v. Trump Corp.*, 385 F. Supp. 3d 265, 274 (S.D.N.Y. 2019).

"Article III of the Constitution limits the judicial power of the United States to the resolution of cases and controversies. This limitation is effectuated through the requirement of standing." *Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 489 (2d Cir. 2009). "Where a party lacks standing to bring a claim, the court lacks subject matter jurisdiction over such claim." *Zlotnick v. Equifax Info. Servs., LLC*, No. 21-CV-07089, 2022 WL 351996, at *2 (E.D.N.Y. Feb. 3, 2022). Standing, as reiterated recently by the Supreme Court, requires that:

> a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief. If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve.

*TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). In short: "No concrete harm, no standing." *Id.* at 417.

At the motion to dismiss "stage, standing allegations need not be crafted with precise detail, nor must the plaintiff prove the allegations of his injury." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 401-02 (2d Cir. 2015) (quoting *Baur v. Veneman*, 352 F.3d 625, 631 (2d Cir. 2003)). Rather, to survive a motion to dismiss for lack of subject-matter jurisdiction, a plaintiff need only "allege facts that affirmatively and plausibly suggest that [he] has standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011); *see also Franklin v. Whole Foods Mkt. Grp., Inc.*, No. 20-CV-04935, 2022 WL 256460, at *8 (S.D.N.Y. Jan. 26, 2022) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, although the factual allegations must be sufficient to put injury-in-fact into the realm

of plausible."). Courts may not assume that the existence of a statutory prohibition or obligation automatically elevates violation thereof to a harm that is concrete under Article III. *See TransUnion LLC*, 594 U.S. at 426-27. "For standing purposes, therefore, an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law." *Id.* To establish standing, a plaintiff must not only show that the defendant's conduct violated a statute, but that the plaintiff was "*concretely harmed by* a defendant's statutory violation." *Id.* at 427. "In sum, *TransUnion* established that in suits for damages plaintiffs cannot establish Article III standing by relying entirely on a statutory violation or risk of future harm: 'No concrete harm; no standing.'" *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 64 (2d Cir. 2021) (quoting *TransUnion LLC*, 594 U.S. at 442)).

**ANALYSIS**

Defendants argue that Plaintiff lacks standing to pursue her statutory claims under Article III of the U.S. Constitution because she does not allege she suffered any concrete injury or harm. (Doc. 18-1 at 3, 5-9). Plaintiff counters that the concrete harm requirement for purposes of Article III is satisfied because she sufficiently alleges an "informational injury." (Doc. 18-2 at 8-10). The Court disagrees. As Defendants correctly point out, for an informational injury to satisfy the concrete harm requirement, "the informational injury must stem from a public disclosure law, and a plaintiff must identify 'downstream consequences' from failing to receive the required information." *Obstfeld v. Unifin, Inc.*, 774 F. Supp. 3d 497, 504 (E.D.N.Y. 2025) (citing *TransUnion*, 594 U.S. at 441). "The Second Circuit has held that to show 'downstream consequences' a plaintiff must show that he has 'an interest in using the information . . . beyond bringing [the] lawsuit." *Id.* (quoting *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 444 (2d Cir.

2022)). Plaintiff has not argued nor alleged that the FDCPA is a public disclosure law and, in any event, "the FDCPA does not qualify as such." *Id.* (citing *Manzanarez v. Madera Collection Servs.*, 722 F. Supp. 3d 1074, 1080 (E.D. Cal. 2024) ("[T]he FDCPA does not confer a right of informational injury")); *Rosenberg v. McCarthy, Burgess & Wolff, Inc.*, No. 21-CV-02199, 2022 WL 3030390, at *5 (E.D.N.Y. Aug. 1, 2022) ("Plaintiff's only alleged harm is an informational injury, which courts have found insufficient to confer standing in the FDCPA context.").

Plaintiff also makes no allegations concerning downstream consequences or her interest in using the information beyond bringing this lawsuit. Plaintiff contends that she has sufficiently pled downstream consequences by pleading "[t]ime, effort, and related costs taken in response to a confusing or noncompliant collection communication [which] qualify as concrete harm because they flow directly from the interests the FDCPA protects." (Doc. 18-2 at 8). For that proposition, Plaintiff relies on a Seventh Circuit case which does not concern downstream consequences, and instead discusses a way that Plaintiff *could* have plausibly pled injury-in-fact, but in this case did not. *See Mack v. Resurgent Cap. Servs., L.P.*, 70 F.4th 395, 406 (7th Cir. 2023) ("[M]oney damages are almost always found to be concrete harm . . . . [I]f, for example, the confusion leads her to pay something she does not owe, or to pay a debt with interest running at a low rate when the money could have been used to pay a debt with interest running at a higher rate. . . . Mack spent extra money not to clear up her confusion but in order to preserve her right to seek validation, which she had been misled to believe she failed to do the first time.").

Plaintiff also devotes three sentences in her memorandum to the alternative argument that she alleges a "close historical or common-law analogue" for her injury. *TransUnion LLC*, 594 U.S. at 424. (*See* Doc. 18-2 at 9-10). Without citation to a single case, Plaintiff contends that the "denial of information that Congress deemed essential to protect consumers' decision-making . . . is

enough to establish Article III standing at the pleading stage." (*Id.*). This argument is patently insufficient to overcome a motion to dismiss. The Court is unfamiliar with any such tort and Plaintiff has not identified any common-law analogue to her claim. Simply put, Plaintiff's failure to plead a concrete harm sufficient to establish standing deprives this Court of jurisdiction over her claim. The Complaint, therefore, must be dismissed.

Plaintiff, at the conclusion of her opposition brief, requests, in the alternative, leave to file an Amended Complaint. (Doc. 18-2 at 13-14). "'Plaintiff's request to amend, contained solely in her opposition memorandum, is procedurally defective since a bare request to amend a pleading contained in a brief, which does not also attach the proposed amended pleading is improper under Fed. R. Civ. P. 15.'" *Zottola v. Eisai Inc.*, 564 F. Supp. 3d 302, 319 (S.D.N.Y. 2021) (quoting *Oden v. Boston Sci. Corp.*, 330 F. Supp. 3d 877, 904 n.4 (E.D.N.Y. 2018)). The nature of Plaintiff's request is especially improper where, as here, Plaintiff has already had an opportunity to amend her pleading. (*See* Individual Practice Rule 4(C) (providing opportunity for plaintiffs to seek leave to amend after initial letter-exchange)). As noted above, Plaintiff's claims are dismissed due to Plaintiff's failure to plead a concrete harm sufficient to establish standing, depriving the Court of jurisdiction over her claims. This argument was presented in the Defendants' pre-motion letter and in Plaintiff's response to the Court (Doc. 11; Doc. 12), and Plaintiff declined the opportunity to amend the pleading.

"The Second Circuit has indicated that 'when a plaintiff does not advise the district court how the complaint's defects would be cured . . . it is not an abuse of discretion to implicitly deny leave to amend.'" *Zottola*, 564 F. Supp. 3d at 319 (quoting *Altayyar v. Etsy, Inc.*, 731 F. App'x 35, 38 n.4 (2d Cir. 2018)). "In particular, where, as here, Plaintiff 'requested leave to amend in a cursory manner without any explanation for how she would be able to cure the Complaint's

defects,' the Court may simply deny leave to amend by dismissing the offending Complaint . . . ." *Id.* (quoting *Altayyar*, 731 F. App'x at 38 n.4). As Plaintiff has offered no explanation for how she would be able to cure the defects in her claims, the Court denies Plaintiff's request, made in the alternative in her opposition brief, for leave to amend.

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED and Plaintiff's request for leave to amend, made in the alternative in her opposition brief, is DENIED.

The Clerk of Court is respectfully directed to terminate the pending motion (Doc. 18) and close the case.

**SO ORDERED:**

Dated: White Plains, New York
August 14, 2026

PHILIP M. HALPERN
United States District Judge